

MCGREGOR W. SCOTT
United States Attorney
LAUREL J. MONTOYA
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

FILED
JAN 27 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GUILLERMO CABRERA,<br>Defendant. | ) | 1:04-cr-005029 OWW<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(e)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Date: January 30, 2006<br>Time: 9:00 a.m.<br>Courtroom Three<br>Honorable Oliver W. Wanger |

Pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through MCGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and LAUREL J. MONTOYA, Assistant United States Attorney, and the defendant, GUILLERMO CABRERA,, and his attorney, DAVID BALAKIAN, have agreed as follows:[1]

//

//

[1] The defendant acknowledges that this plea agreement is limited to the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. Charges.

The defendant acknowledges that he has been charged by Indictment, 1:04-cr-005029 OWW, in the Eastern District of California with Conspiracy to Distribute and Possess with the Intent to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); Possession of Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Possession of Cocaine with the Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and, Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)- five counts.

The defendant also acknowledges that he has been charged in a Superseding Information with Use of a Communication Facility In Connection With A Drug Offense, in violation of Title 21, United States Code, Section 843(b) - three counts.

2. Agreements by the Defendant.

(a) The defendant agrees that this plea agreement shall be filed with the court and become a part of the record in the case.

(b) The defendant agrees to enter a plea of guilty to all three counts of the Superseding Information charging him with Use of a Communication Facility In Connection With A Drug Offense, in violation of Title 21, United States Code, Section 843(b). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the factual basis of this agreement are

true and accurate.

(c) The defendant agrees that his offense level will be based upon the total amount of drugs involved in his offense. The DEA Western Regional Laboratory tested the methamphetamine seized during the investigation and determined the total quantity of actual methamphetamine was 2,257.24 grams. The DEA Western Regional Laboratory tested the cocaine seized during the investigation and determined the total quantity was 1,247.2 grams. The defendant further agrees that the sentence on the counts to which he is pleading guilty will be consecutive to each other for a total of twelve (12) years.

(d) The defendant agrees that in consideration of this plea, he will not seek any adjustments which would lower his offense level or criminal history, or any downward departures from his guideline range other than a reduction under §5K1.1 as set forth in paragraphs 2(g) and 3(b) of this agreement.

(e) The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or

promise regarding the sentence he will receive.

(f) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided in Title 21, United States Code, Section 843(b), on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

(g) The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all

money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

(h) If the government learns that the defendant has committed any offenses while subject to this agreement, or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea Agreement will be under a probable cause standard.

(i) If the defendant's convictions on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, or if the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. The government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that

would otherwise be barred by this agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(j) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with

the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).__

______(k) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

3. Agreements by the Government.

(a) The government will recommend that the defendant receive a three-level reduction in the computation of his offense level due to his acceptance of responsibility, provided that the defendant qualifies for such a reduction in his interview with the

probation officer.

(b) The government agrees to recommend, at the completion of the defendant's provision of substantial assistance, that the defendant's sentence of imprisonment be reduced in an amount entirely within the government's discretion, pursuant to U.S.S.G. § 5K1.1. In no event will this reduction exceed 50% of the guideline range as determined by the district court. It is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance in compliance with his obligations above. The government may recommend a reduction in his sentence of less than 50% or no reduction at all, depending upon the level of assistance the government determines that the defendant has provided.

4. <u>Nature, Elements, Possible Defenses, and Factual Basis.</u>

(a) The defendant has read the charges contained in the Superseding Information and those charges have been fully explained to him by his attorney.

(b) The defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with his attorney. To convict the defendant of using a communication facility to facilitate a felony drug offense, the government would have to prove the following elements beyond a reasonable doubt:

> That the defendant knowingly and intentionally used a telephone to help bring about and further the distribution of methamphetamine, the possession of methamphetamine and cocaine with the intent to distribute, and conspiracy to distribute methamphetamine and cocaine.

(c) The defendant will plead guilty because he is in fact guilty of the crimes set forth in the superseding information. The defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

> On or about November 10, 2003, defendant GUILLERMO CABRERA engaged in a telephone conversation with a confidential informant regarding the distribution of methamphetamine. and the possession of methamphetamine with the intent to distribute. This telephone conversation resulted in the sale of 430.2 grams of actual methamphetamine to a confidential informant. Defendant GUILLERMO CABRERA was in the Eastern District of California during this telephone conversation.
>
> Defendant GUILLERMO CABRERA engaged in a second telephone conversation on or about December 11, 2003 with a confidential informant regarding the distribution of methamphetamine and the possession of methamphetamine with the intent to distribute. This telephone conversation resulted in the sale of 64.4 grams of actual methamphetamine to a confidential informant. Defendant GUILLERMO CABRERA was in the Eastern District of California during this telephone conversation.
>
> Defendant GUILLERMO CABRERA engaged in a third telephone conversation on or about January 7, 2004 with co-defendant JOSE LUIS CABRERA regarding the possession of methamphetamine and cocaine with the intent to distribute. This telephone conversation resulted in the possession of methamphetamine and cocaine at the residence of Gloria Negrete. Defendant GUILLERMO CABRERA was in the Eastern District of California during this telephone conversation.
>
> The DEA Western Regional Laboratory tested the methamphetamine seized during the investigation and the total was 2,677.7 grams of a mixture containing methamphetamine. The quantity of actual methamphetamine in that amount was determined to be 2,257.24 grams. The DEA Western Regional Laboratory tested the cocaine seized during the investigation and the total was 1,247.2 grams.

//

//

5. Potential Sentence.

The following is the maximum potential sentence which the defendant faces:

(a) Imprisonment.

Mandatory Minimum: None.

Maximum: Four (4) years for each count to be served consecutively for a total of twelve (12) years.

(b) Fine.

Mandatory Minimum: None.

Maximum: Two Hundred Fifty Thousand Dollars ($250,00.00) for each count.

(c) Both such fine and imprisonment.

(d) Term of Supervised Release.

Mandatory Minimum: none.

Maximum: One (1) year on each count.

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for 1 year on each count or the term of supervised release actually imposed on each count, whichever is less.)

(e) Penalty Assessment.

Mandatory: $100 on each count.

//

//

//

//

//

//

//

(f) Pursuant to 21 U.S.C. § 862, the defendant <u>may</u> become temporarily or permanently ineligible for any and all federal benefits[2] and, pursuant to 21 U.S.C. § 862a, <u>shall</u> be ineligible for the following government benefits:

(1) assistance under any State program funded under part A of title IV of the Social Security Act (42 U.S.C. § 601 et seq.);

(2) benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) (7 U.S.C. § 2012(h)) or any State program carried out under the Food Stamp Act of 1977 (7 U.S.C. § 2011 et seq.).

6. <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) The defendant is entitled to the continued representation of an attorney at any trial in this case and, if the defendant is unable to afford such an attorney, one would be appointed by the court.

(b) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial and the assistance of an attorney at that trial. If

---

[2] The term "federal benefits" does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility, but refers to the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency or appropriated funds of the United States. 21 U.S.C. § 862(d)(1).

the defendant could not afford an attorney, one would be appointed for him. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(d) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses

for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(f) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. The defendant understands that by pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

7. Questions by Court.

The defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offenses to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

8. Entire Agreement.

The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

9. Court not a Party.

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 5 above. Also, should the court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw his plea.

//

10. Presentence Report.

The defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the court as its own sentencing recommendation. In addition, the government will fully apprize the Probation Office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment.

DATED: January 27, 2006

McGREGOR W. SCOTT
United States Attorney

By [signature]
LAUREL J. MONTOYA
Assistant U.S. Attorney

DATED: 1-26-06, 2006

[signature]
Guillermo Cabrera
DEFENDANT

DATED: 1/26/06 2006

[signature]
David Balakian
ATTORNEY FOR DEFENDANT